**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION**

RECEIVED
2019 APR -4 P 2:28
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**KYLE BLAKE,**

**Plaintiff,**

**v.**

**CITY OF MONTGOMERY,**

**Defendant.**

**CASE NO.** 2:19-CV-243

**JURY TRIAL REQUESTED**

## COMPLAINT

**COMES NOW** the Plaintiff, Kyle Blake, by and through his undersigned counsel of record, and states the following Complaint against the above-named Defendant, City of Montgomery, as set forth herein below.

## I. JURISDICTION & VENUE

1. Plaintiff Kyle Blake files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 29 U.S.C. §§ 2617, and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, et seq., to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's FMLA benefits interference, and due to the Defendant's FMLA discrimination and retaliation taken against the Plaintiff.

2. In addition, and pursuant to 42 U.S.C. § 1983, the Plaintiff asserts that the Defendant violated the Plaintiff's procedural due process rights provided by the Fourteenth Amendment to the U.S. Constitution.

3. Venue is proper in the Northern Division of the Middle District of Alabama, as the alleged discriminating actions of Defendant occurred in Montgomery County, Alabama.

## II. PARTIES

4. The named Plaintiff, Kyle Blake (hereinafter referred to as "Plaintiff" or "Mr. Blake"), is a citizen of the United States and a resident of Montgomery County, Alabama. Plaintiff is over the age of nineteen years.

5. The Defendant, City of Montgomery, (referred to herein as "Defendant" or "the City") is an Alabama municipality located in Montgomery County, Alabama. At all times relevant to this complaint, up to and including the date of his wrongful termination, Plaintiff was employed by the Defendant.

## III. STATEMENT OF FACTS

6. Beginning in 2012, Mr. Blake served as a merit system employee of the City of Montgomery Fire Department.

7. On or about April 20, 2016, Mr. Blake requested to be transferred from his medic position to a fire suppression position. Although the Fire Department approved Ms. Blake's request in June, 2016, the Fire Department never transferred Mr. Blake.

8. In 2018, after serving numerous and continuous overtime hours in his medic position, Mr. Blake began exhibiting symptoms of paramedic burn-out, PTSD, and sleep deprivation.

9. Mr. Blake made his supervisors aware of his symptoms of paramedic burn-out, PTSD, and sleep deprivation associated with the numerous medic runs and the high-run volume

of his unit. However, the City continued to assign Mr. Blake to continuous 48 hour shifts, including the 48 hour shifts between August 21, 2018, and August 25, 2018.

10. On August 22, 2018, Mr. Blake again advised his supervisor that he did not believe he was physically or mentally able to continue to work the back-to-back double overtime shifts as repeatedly assigned.

11. Later that day, Mr. Blake informed Chief Hacket of his physical and mental condition, and Chief Hacket advised Mr. Blake he would be transferred out of the medic position, and given a break, if needed.

12. Chief Hackett also informed Mr. Blake that he was "not past the point of no return." After speaking with Chief Petrey and Chief Bozeman, Chief Hackett explained to Mr. Blake that "everything would be worked out," and to be at work on Friday, August 24, 2018, as scheduled.

13. The next day, on Thursday, August 23, 2018, Chief Bozeman sent Mr. Blake a text message asking Mr. Blake to call. When Mr. Blake called, Chief Bozeman told Mr. Blake that he had accepted his verbal resignation.

14. Later that same day, Mr. Blake again called Chief Bozeman and attempted to explain the discussion he had with Chief Hackett on Wednesday, August 22, 2018. Chief Bozeman's only response to Mr. Blake was "to turn his stuff in."

15. On Friday morning, August 24, 2018, Mr. Blake reported to work for his scheduled shift. However, when Mr. Blake informed Chief Flynn that he was reporting for his scheduled shift, Chief Flynn told Mr. Blake not to get on the truck.

16. Shortly thereafter, Chief Bozeman called Mr. Blake at the fire-station, yelling at Mr. Blake, and asserting that he should not be in uniform, and to leave the property. Mr. Blake reiterated to Chief Bozeman that he was reporting to work his scheduled shift.

17. Chief Bozeman again told Mr. Blake to leave the property, and that he had sent "Car 57" to the fire-station.

18. On the following day, Saturday, August 25, 2018, Mr. Blake wrote to Chief Flynn addressing what had occurred on Friday, August 24, 2018, and requesting a meeting with Chief of Staff, Petrey.

19. On Sunday, August 26, 2018, Mr. Blake wrote to Chief of Staff Petrey reiterating the conversation he had with Chief Hackett on August 22, 2018.

20. On or about September 5, 2018, without further notice, information or instruction, Mr. Blake received a memorandum from Chief Petrey (erroneously dated "August 6, 2014") informing Mr. Blake he had two (2) days to turn in his equipment or suffer a criminal warrant for theft.

21. When Mr. Blake promptly returned his equipment to the City as instructed, Chief Jordan told Mr. Blake that he was no longer an employee of the Montgomery Fire Department.

**IV. PLAINTIFF'S CAUSES OF ACTION**
**COUNT I**
**(FMLA INTERFERENCE)**
**29 U.S.C. § 2615(a)(1)**

22. Mr. Blake realleges and incorporates herein, by reference, each and every allegation contained in paragraphs 1 through 21, inclusive.

23. Mr. Blake is informed and believes, and on that basis alleges, that the City qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that Mr. Blake is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

24. Mr. Blake is informed and believes, and on that basis alleges, that he was entitled to leave and employment benefits as defined in the FMLA, 29 U.S.C. §§ 2612 and 2614.

25. Mr. Blake is informed and believes, and on that basis alleges, that the City interfered with Mr. Blake's FMLA leave by refusing to permit Mr. Blake to take necessary leave, and by denying Mr. Blake's employment benefits pursuant to FMLA, 29 U.S.C. §§ 2612 and 2614.

26. Mr. Blake is informed and believes, and on that basis alleges, that the City is responsible to Mr. Blake for damages defined in FMLA, 29 U.S.C. § 2617.

27. As the direct and proximate result of the City's interference with Mr. Blake's FMLA leave, and denying Mr. Blake's employment benefits required by FMLA, 29 U.S.C. § 2614, Mr. Blake has incurred, and is now incurring, loss of wages and benefits, all within the meaning of the FMLA, 29 U.S.C. § 2617(a), in an amount to be proved at trial.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully request that this Court grant him the following relief:

a) Judgment for these costs including, without limitation, lost wages and benefits;

b) back pay from the effective date of termination;

c) lost benefits and medical expenses from the date of termination, including any lost employment benefits from the date of termination;

d) the loss of front pay as of the date of this complaint, and any interest on the amount thereon as provided in the FMLA, 29 U.S.C. § 2617;

e) compensatory damages, including for mental anguish,

f) court costs and reasonable attorneys' fees; and

g) equitable and such further, other and different relief as the Court may deem appropriate and necessary.

**COUNT II**
**(FMLA RETALIATION)**
**29 U.S.C. § 2615(a)(2)**

28. Mr. Blake realleges and incorporates herein, by reference, each and every allegation contained in paragraphs 1 through 27, inclusive.

29. Mr. Blake is informed and believes, and on that basis alleges, that the City qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that Mr. Blake is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

30. Mr. Blake is informed and believes, and on that basis alleges, that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1), and that the City discriminated and retaliated against Mr. Blake for requesting, or attempting to request, the leave afforded him by the FMLA, in violation of the FMLA, 29 U.S.C. § 2615(a)(2).

31. Mr. Blake is informed and believes, and on that basis alleges, that after requesting or attempting to request leave provided by the FMLA, the City discriminated and retaliated against Mr. Blake (a) by failing to provide Mr. Blake with adequate notice, information and leave required by FMLA; (b) by refusing to allow Mr. Blake to request leave; (c) by wrongfully threatening Mr. Blake with his termination and loss of accrued benefits; (d) by constructively terminating Mr. Blake by refusing to allow Mr. Blake to remain at work, and (e) by forcing Mr. Blake to leave work under coercion and duress.

32. Mr. Blake is informed and believes, and on that basis alleges, that the City violated 29 U.S.C. § 2615(a)(2), and section 825.220 of the FMLA regulations, and is responsible for its violations under the FMLA, 29 U.S.C. § 2617.

33. As the direct and proximate result of the City's FMLA discrimination and retaliation taken by the City, Mr. Blake has incurred, and is now incurring, a loss of wages and benefits, all within the meaning of the FMLA, 29 U.S.C. § 2617(a), in an amount to be proved at trial.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that this Court grant him the following relief:

a) Judgment for these costs including, without limitation, lost wages and benefits;

b) back pay from the effective date of termination;

c) lost benefits and medical expenses from the date of termination, including any lost employment benefits from the date of termination;

d) the loss of front pay as of the date of this complaint, and any interest on the amount thereon as provided in the FMLA, 29 U.S.C. § 2617;

e) compensatory damages, including for mental anguish,

f) court costs and reasonable attorneys' fees; and

g) equitable and such further, other and different relief as the Court may deem appropriate and necessary.

**COUNT III**
**(VIOLATION OF THE PLAINTIFF'S DUE PROCESS RIGHTS PURSUANT TO THE UNITED STATES CONSTITUTION)**

34. Plaintiff realleges and incorporates herein, by reference, each and every allegation contained in paragraphs 1 through 33, inclusive.

35. The City of Montgomery employed Plaintiff pursuant to the City's Personnel Rules and Regulations.

36. The Plaintiff is informed and believes, and on that basis alleges, that he had a property right in continued employment with the City pursuant to the Montgomery Personnel Rules and Regulations, and therefore, is entitled to the protections of procedural due process afforded by the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

37. Procedural due process, protected and provided by the United States Constitution, and the Montgomery Personnel Rules and Regulations, requires notice and an opportunity to be heard when one's life, liberty, or property interests are about to be affected by governmental action.

38. The City's actions are governmental actions that deprived the Plaintiff of constitutionally-protected liberties or property interests without providing a mandatory constitutionally-adequate notice, process or hearing.

39. Upon constructively terminating Mr. Blake, by refusing to allow Mr. Blake to remain at work, and by forcing him to resign under coercion and duress, the City denied and refused to provide Plaintiff any oral or written notice of any charges, an explanation of the City of Montgomery's evidence, and an opportunity to present his side of the story.

40. The City unlawfully deprived the Plaintiff of employment, income, benefits and other property without providing adequate notice or a pre-termination hearing.

41. As the direct and proximate result of the City's violation of the Plaintiff's due process rights, Plaintiff has incurred, and is currently incurring, a loss of wages and benefits in an amount to be proved at trial.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that this Court grant him the following relief:

a) Judgment for these costs including, without limitation, lost wages and benefits including accrued sick leave and accrued annual leave;

b) back pay from the effective date of termination;

c) lost benefits and medical expenses from the date of termination, including any lost employment benefits from the date of termination;

d) the loss of front pay as of the date of this complaint, and any interest on the amount thereon;

e) compensatory damages, including for mental anguish,

f) court costs and reasonable attorneys' fees; and

g) equitable and such further, other and different relief as the Court may deem appropriate and necessary.

**IV. JURY DEMAND**

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 4th day of April, 2019.

K. David Sawyer (ASB-5793-R61K)
Counsel for Plaintiff

Julian L. McPhillips, Jr. (ASB-3744-L74J)
Counsel for Plaintiff

**OF COUNSEL:**

**K. David Sawyer, Esq.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 356-4301
(334) 263-2321 FAX
kdsawyer64@outlook.com

**Julian L. McPhillips, Jr.**
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321 FAX
julianmcphillips@msg-lawfirm.com